**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Eusebio Garcia-Ponce and Socorro Bravo-Atempa individually and on behalf of other similarly situated employees, Plaintiffs<br>v.<br>Key Club III, Inc. dba Key Club Cleaners, and Kyeong Hee Jo, individually, Defendants | |

## **COMPLAINT**

Eusebio Garcia-Ponce and Socorro Bravo-Atempa ("Plaintiffs"), individually, and on behalf of other employees similarly situated (collectively "employees"), pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Key Club III, Inc. dba Key Club Cleaners ("Key Club Cleaners"), and Kyeong Hee Jo (collectively, "Defendants"), and states:

### Introduction

1. This lawsuit arises from Defendants' violations of the overtime wage provisions of the FLSA and IMWL at Defendants' dry-cleaning business commonly known as Key Club Cleaners located at 4456 Oakton Street, Skokie, Illinois.

2. Plaintiffs are Defendants' former employees. Plaintiffs and other similarly situated employees were not paid their earned overtime wages as required by the FLSA and IMWL.

3. Defendants maintained and enforced a policy of paying Plaintiffs in cash in an attempt to conceal Defendants' obligation to pay them their earned overtime wages.

4. Defendants maintained and enforced a policy of failing to record and keep electronic records of the hours worked by employees in a further attempt to conceal Defendants' obligation to pay employees their earned overtime wages.

5. Despite the knowledge that employees worked more than forty (40) hours per week, Defendants did not pay employees their earned overtime wages.

## Jurisdiction and Venue

6. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

7. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

8. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Facts

9. Defendants owned and operated their dry-cleaning business within the three years preceding the filing of this complaint.

10. Key Club Cleaners is an enterprise under 29 U.S.C. § 203(r)(1).

11. Key Club Cleaners is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Key Club Cleaners' annual gross sales were $500,000.00 or more during the last three years.

13. Kyeong Hee Jo resides in and is domiciled in this judicial district.

14. Kyeong Hee Jo is commonly known to employees as "Erick."

15. Kyeong Hee Jo is the owner of Key Club Cleaners and is involved in the day-to-day business operations and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

16. Defendants were Plaintiffs' employers as defined by the FLSA and IMWL.

17. Plaintiffs were Defendants' employees as defined by the FLSA and IMWL.

18. Defendants failed to record and maintain records of all hours that Plaintiffs worked.

19. Defendants failed to record and maintain records of all wages they paid to Plaintiffs.

20. Plaintiff Eusebio Garcia-Ponce worked for Defendants from approximately March 2014 to June 17, 2017.

21. Plaintiff Socorro Bravo-Atempa worked for Defendants from approximately April 2015 to June 21, 2017.

22. Plaintiffs' job functions included ironing clothes during the relevant employment period.

23. Plaintiffs worked over 54 hours weekly during the relevant employment period.

24. Defendants paid Plaintiffs and other similarly situated employees their regular rate for all hours worked each week during the relevant employment period.

## **COUNT I: FLSA Overtime Wage Violation**

25. Plaintiffs incorporate all paragraphs above as if fully restated below.

26. Plaintiffs' notices of consent to become a party Plaintiffs in an action under the Fair Labor Standards Act are attached hereto as Exhibit A.

27. Plaintiffs were directed by Defendants to work more than forty (40) hours per week.

28. Throughout the course of Plaintiffs' employment with Defendants, Plaintiffs worked more than forty (40) hours weekly in one or more individual work weeks.

29. Defendants did not pay Plaintiffs and other similarly situated employees overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

30. Plaintiffs' wages were not based on the number of jobs performed or completed.

31. Plaintiffs' wages were not based on the quality or efficiency of Plaintiffs' job performance.

32. Plaintiffs was not exempt from the overtime provisions of the FLSA.

33. Defendants' failure to pay overtime wages violated the FLSA.

34. Defendants' FLSA violation was willful because they maintained a scheme of paying employees their regular rate of pay for all hours worked despite knowing that Plaintiffs worked more than forty (40) hours per pay period.

35. Defendants' FLSA violation was willful because they maintained a scheme of paying other employees their regular rate of pay for all hours worked despite knowing that employees worked more than forty (40) hours per pay period.

36. Defendants' FLSA violation were willful because they maintained a scheme of paying Plaintiffs in cash to conceal the obligation to pay them their earned overtime wages.

37. Defendants knew that employees worked more than forty (40) hours per pay period because Defendants recorded and kept records of the hours worked by employees.

38. Plaintiffs are entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Declare Defendants to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiffs and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

39. Plaintiffs incorporate all paragraphs above as if fully restated below.

40. This Count arises from Defendants' failure to pay Plaintiffs and other similarly situated employees all earned overtime wages.

41. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

42. Plaintiffs were not exempt from overtime wages.

43. Defendants directed Plaintiffs to work more than forty (40) hours in individual work weeks.

44. Plaintiffs worked more than forty (40) hours in individual work weeks.

45. Defendants failed to pay Plaintiffs and other similarly situated employees their earned overtime wages.

46. Defendants violated the IMWL by failing to pay Plaintiffs and other employees their earned overtime wages.

47. Plaintiffs are entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' IMWL violation was willful or not.

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiffs for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Monday, June 26, 2017.

**Valentin T. Narvaez**
Plaintiffs' counsel
Consumer Law Group, LLC
6232 N. Pulaski Rd., Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com